1   JASON A. GELLER  State Bar #168149
    JOHN S. HONG  State Bar #255150
2   LONG & LEVIT LLP
    465 California Street, Suite 500
3   San Francisco, CA  94104
    TEL: (415) 397-2222   FAX: (415) 397-6392
4
    jgeller@longlevit.com
5   jhong@longlevit.com

6   Attorneys for Defendants
    EPITOMICS, INC. and
7   DR. GUO-LIANG YU

8                   UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11  ROCCO R. RADUAZO,                    CASE No.   CV 08-1550 BZ

12                Plaintiff,             **ANSWER TO COMPLAINT**

13       vs.

14  EPITOMICS, INC., a Delaware
    corporation, DR. GUO-LIANG YU, an
15  individual, and DOES 1-20,

16                Defendants.

17

18

19       Defendants EPITOMICS, INC. and DR. GUO-LIANG YU (collectively, "Defendants"),

20  through their undersigned counsel, answer the complaint of plaintiff ROCCO R. RADUAZO

21  ("Plaintiff") herein and deny, admit, and allege as follows:

22                              **PARTIES**

23       1.      Defendants admit the allegations set forth in paragraph 1 of Plaintiff's complaint

24  ("Complaint").

25       2.      Defendants admit that Dr. Guo-Liang Yu was, at all times relevant herein, CEO,

26  President, and Chairman of the Board of Epitomics, Inc. ("Epitomics").  Defendants are without

27  knowledge or information sufficient to form a belief as to the truth of the remainder of the

28  allegations of paragraph 2 of the Complaint, and on that basis deny each and every allegation

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

1

ANSWER ** Case No.  CV 08-1550 BZ

1    contained therein.

2        3.    Defendants admit that Defendant Dr. Yu was, at all times relevant to this action, an

3    employee of Defendant Epitomics.  Defendants are without knowledge or information sufficient

4    to form a belief as to the truth of the remainder of the allegations of paragraph 3 of the Complaint,

5    and on that basis deny each and every allegation contained therein.

6                **FACTS COMMON TO ALL CAUSES OF ACTION**

7    **Formation of Employment Relationship:**

8        4.    Defendants admit that from June 22, 2006 to November 15, 2007, Defendant

9    Epitomics employed Plaintiff with the title of Vice President of Commercial Operations.

10    Defendants deny the allegation that Plaintiff was responsible for all of the duties enumerated in

11    paragraph 4 of the Complaint for the duration of his employment.

12        5.    Defendants admit the allegation that Defendant Epitomics employed Plaintiff for

13    about seventeen months.  Defendants deny, however, the truth of the remainder of the allegations

14    of paragraph 5 of the Complaint.

15    **Terms of Employment Contract:**

16        6.    Defendants deny that Plaintiff had an employment contract other than at-will

17    employment.  Defendants admit that Defendant Epitomics paid Plaintiff an annual salary of

18    $175,000, offered him the opportunity to earn a discretionary annual incentive bonus targeted at

19    $80,000 (prorated for partial employment in 2006), and offered him an option to purchase

20    160,000 shares of Epitomics' common stock subject to the approval of the Board of Directors and

21    a stock option plan.  Defendants admit that Plaintiff's offer letter states that the parties were to

22    jointly develop an incentive program.

23    **Employment Relationship:**

24        7.    Defendants admit the allegation that Defendant Epitomics' annual revenue grew

25    from $5 million to $8 million between 2006 and 2007.  Defendants also admit that Defendant Dr.

26    Yu gave Plaintiff, on occasion, positive feedback for his performance on certain individual

27    projects and presentations.  Defendants are without knowledge or information sufficient to form a

28    belief as to the truth of the allegation that internal staff gave Plaintiff positive feedback "for his

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

2

ANSWER ** Case No. CV 08-1550 BZ

1    excellent performance," and on that basis deny the allegation contained therein.  Defendants deny

2    the remainder of the allegations set forth in paragraph 7 of the Complaint.

3        8.    Defendants admit that in August 2006, Dr. Yu sent Plaintiff a document titled,

4    "Discussion on Goals and Objectives of the Rocco R. Raduazo."  Defendants admit that the

5    document states that there was a "smaller number of service deals in the first half year."

6    Defendants also admit that total revenue for 2006 was slightly lower than the original company

7    revenue goals, but higher than the revised target goals set by Defendant Dr. Yu.  Defendants deny

8    the remainder of the allegations set forth in paragraph 8 of the Complaint.

9    **Plaintiff Alleges Discovery of Legal and Ethical Violations:**

10        9.    Defendants deny the allegations contained in paragraph 9 of the Complaint.

11    **Bonus 2006:**

12        10.    Defendants deny the allegations contained in Paragraph 10 of the Complaint.

13        11.    Defendants admit that Plaintiff received an increase in annual salary of $3,500, a

14    2006 bonus of $13,125 and a grant of 25,000 stock option shares to vest according to a schedule.

15    Defendants deny the remaining allegations in paragraph 11 of the Complaint.

16        12.    Defendants deny the allegations set forth in paragraph 12 of the Complaint.

17    **Plaintiff Alleges Discovery of More Legal and Ethical Violations:**

18        13.    Defendants are without knowledge or information sufficient to form a belief as to

19    the truth of the allegation that Plaintiff learned that a female employee complained about

20    Defendant Yu's alleged behavior and conversation about sex, and on that basis deny the

21    allegation contained therein.  Defendants deny the remainder of the allegations included in

22    paragraph 13 of the Complaint.

23        14.    Defendants admit the allegation that Plaintiff and Dr. Yu traveled to Japan for a

24    business purpose in or about May 2007.  Defendants deny the remainder of the allegations

25    contained in paragraph 14 of the Complaint.

26        15.    Defendants have no information or belief as to the allegation that Defendants

27    entered into agreements with unidentified companies in June 2007, parts of which included

28    confidentiality agreements in regards to trade secret and other proprietary information, sufficient

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

3

ANSWER ** Case No. CV 08-1550 BZ

1    to enable it to answer said allegations, and on that ground deny said allegations.   Defendants

2    admit, however, that from time to time, Epitomics entered into such agreements, which included

3    confidentiality agreements regarding trade secrets and other proprietary information.  Defendants

4    deny the remainder of the allegations contained in paragraph 15 of the Complaint.

5        16.     Defendants deny the allegations set forth in paragraph 16 of the Complaint.

6        17.     Defendants deny the allegations set forth in paragraph 17 of the Complaint.

7        18.     Defendants deny the allegations set forth in paragraph 18 of the Complaint.

8        19.     Defendants deny the allegations set forth in paragraph 19 of the Complaint.

9    **Continued Individual and Company Success**:

10       20.     Defendants deny the allegations set forth in paragraph 20 of the Complaint.

11       21.     Defendants deny the allegations set forth in paragraph 21 of the Complaint.

12   **Termination of Employment Relationship**:

13       22.     Defendants admit that Defendant Epitomics terminated Plaintiff, effective

14   November 15, 2007.  Defendants deny the remaining allegations in Paragraph 22 of the

15   Complaint.

16       23.     Defendants admit the allegation that Dr. Yu informed Plaintiff at an exit interview,

17   on about November 9, 2007, that his fellow employees liked working with him.  Defendants deny

18   the remaining allegations in Paragraph 23.

19                    **ANSWER TO THE FIRST CAUSE OF ACTION FOR**
                                 **BREACH OF CONTRACT**
20

21       24.     Defendants reallege and incorporate by reference its allegations, admissions, and

22   denials stated in paragraphs 1 through 23, as set forth above, as to each and all of Plaintiff's

     allegations, with the same force and effect as though fully set forth herein.
23
         25.     Defendants deny the allegations set forth in paragraph 25 of the Complaint.
24
         26.     Defendants deny the allegations set forth in paragraph 26 of the Complaint.
25
         27.     Defendants admit the allegation that Plaintiff refused Defendants' offer of a
26
     severance package of $22,312.50 and that Defendants requested Plaintiff to release specified
27
     claims in exchange for the package.  Defendants deny the remainder of the allegations in
28

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

4

ANSWER ** Case No.  CV 08-1550 BZ

1  paragraph 27 of the Complaint.

2      28.    Defendants deny the allegations set forth in paragraph 28 of the Complaint.

**ANSWER TO THE SECOND CAUSE OF ACTION FOR
TORTIOUS TERMINATION IN VIOLATION OF PUBLIC POLICY –
AVOIDING PAYMENT OF WAGES & BENEFITS**

5      29.    Defendants reallege and incorporate by reference its allegations, admissions, and

denials stated in paragraphs 1 through 28, as set forth above, as to each and all of Plaintiff's

allegations, with the same force and effect as though fully set forth herein.

8      30.    Defendants admit the allegations set forth in paragraph 30 of the Complaint.

9      31.    Defendants admit the allegation that they refused Plaintiff's demand for a larger

severance package than the one offered at termination.  Defendants deny, however, the remainder

of the allegations set forth in paragraph 31 of the Complaint.

12      32.    Defendants deny the allegations set forth in paragraph 32 of the Complaint.

13      33.    Defendants deny the allegations set forth in paragraph 33 of the Complaint.

14      34.    Defendants deny the allegations set forth in paragraph 34 of the Complaint.

15      35.    Defendants admit that Dr. Yu terminated Plaintiff's employment, effective

November 15, 2007.  Defendants deny the remainder of the allegations set forth in paragraph 35

of the Complaint.

18      36.    Defendants allege that they have no information or belief that would be sufficient

to enable them to answer the allegations in paragraph 36 of the Complaint that Plaintiff suffered

humiliation, embarrassment, and mental anguish, and on that ground deny said allegations.

Defendants deny the remainder of the allegations set forth in paragraph 36 of the Complaint.

22      37.    Defendants deny the allegations set forth in paragraph 37 of the Complaint.

23  ///

24  ///

25  ///

26  ///

27  ///

28

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

5

ANSWER ** Case No. CV 08-1550 BZ

### ANSWER TO THE THIRD CAUSE OF ACTION FOR
### TORTIOUS TERMINATION IN VIOLATION OF PUBLIC POLICY –
### RETALIATION AGAINST INTERNAL WHISTLEBLOWER

38.     Defendants reallege and incorporate by reference its allegations, admissions, and denials stated in paragraphs 1 through 37 as set forth above, as to each and all of Plaintiff's allegations, with the same force and effect as though fully set forth herein.

39.     Defendants have no information or belief that would be sufficient to enable them to answer the allegation in paragraph 39 of the Complaint that Plaintiff became aware of all business practices of Defendants, and on that ground deny said allegations.  Defendants deny the remainder of the allegations, incorporating herein by this reference their denials stated in paragraphs 9, and 13 through 21, as set forth above, as to each and all of Plaintiff's allegations with the same force and effect as though fully set forth herein.

40.     Defendants deny the allegations set forth in paragraph 40 of the Complaint.

41.     Defendants deny the allegations set forth in paragraph 41 of the Complaint.

42.     Defendants deny the allegations set forth in Paragraph 42 of the Complaint.

43.     Defendants admit Defendant Epitomics terminated Plaintiff's employment effective November 15, 2007.  Defendants deny the remainder of the allegations set forth in paragraph 43 of the Complaint, and incorporate by reference herein their denials and allegations set forth in Paragraphs 9, 13-21 and 40-41 above.

44.     Defendants have no information or belief as to the allegations in that would be sufficient to enable them to answer the allegations in paragraph 44 of the Complaint that Plaintiff suffered humiliation, embarrassment, and mental anguish, and on that ground deny said allegations.  Defendants deny the remainder of the allegations set forth in paragraph 44.

45.     Defendants deny the allegations set forth in paragraph 45 of the Complaint.

### ANSWER TO THE FOURTH CAUSE OF ACTION FOR
### BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

46.     Defendants reallege and incorporate by reference herein their allegations, admissions, and denials stated in paragraphs 1 through 45, as set forth above, as to each and all of

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

6

ANSWER ** Case No. CV 08-1550 BZ

1    Plaintiff's allegations, with the same force and effect as though fully set forth herein.

2        47.    Defendants reallege and incorporate herein by reference the same denials set forth

3    in paragraph 6 above and deny the allegations set forth in paragraph 47 of the Complaint.

4        48.    Defendants admit that Defendant Epitomics employed Plaintiff for about

5    seventeen months. Defendants have no information or belief as to the remainder of the

6    allegations in paragraph 48 of the Complaint, and on that ground deny said allegations.

7        49.    Defendants deny the allegations set forth in paragraph 49 of the Complaint.

8        50.    Defendants deny the allegations set forth in paragraph 50 of the Complaint.

9        51.    Defendants deny the allegations set forth in paragraph 51 of the Complaint.

10       52.    Defendants deny the allegations set forth in paragraph 52 of the Complaint.

11       53.    Defendants deny the allegations that Plaintiff suffered, and continues to suffer,

12   losses in earning and other employment benefits set forth in paragraph 53 of the Complaint.

13   Defendants have no information or belief as to the remaining allegations set forth in paragraph 53

14   of the Complaint that would be sufficient to enable them to answer said allegations, and on that

15   ground deny said allegations.

16                       **ANSWER TO THE FIFTH CAUSE OF ACTION FOR**
                                **UNFAIR BUSINESS PRACTICES**
17
         54.    Defendants reallege and incorporate by reference herein their allegations,
18
     admissions, and denials stated in paragraphs 1 through 53, as set forth above, as to each and all of
19
     Plaintiff's allegations, with the same force and effect as though fully set forth herein.
20
         55.    Defendants deny the allegations set forth in paragraph 55 of the Complaint.
21
         56.    Defendants deny the allegations set forth in paragraph 56 of the Complaint.
22
         57.    Defendants deny the allegations set forth in paragraph 57 of the Complaint.
23
         58.    Defendants deny the allegations set forth in paragraph 58 of the Complaint.
24

25                      **ANSWER TO THE SIXTH CAUSE OF ACTION FOR**
                 **INDUCING CHANGE OF RESIDENCE BY MISREPRESENTING**
26                **CONDITIONS OF EMPLOYMENT UNDER LABOR CODE §970**

27       59.    Defendants reallege and incorporate by reference herein their allegations,

28   admissions, and denials stated in paragraphs 1 through 58, as set forth above, as to each and all of

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

7

ANSWER ** Case No. CV 08-1550 BZ

1    Plaintiff's allegations, with the same force and effect as though fully set forth herein.

2        60.    Defendants admit the allegation that Defendant Epitomics informed Plaintiff via

3    written communication, on or about June 13, 2006, that he would be hired as Vice President of

4    Commercial Operations.  Defendants deny the remainder of the allegations set forth in paragraph

5    60 of the Complaint.

6        61.    Defendants deny the allegations set forth in paragraph 61 of the Complaint.

7        62.    Defendants deny the allegations set forth in paragraph 62 of the Complaint.

8        63.    Defendants admit that Defendant Epitomics hired Plaintiff on or about June 22,

9    2006.  Defendants deny the remaining allegations in paragraph 63 of the Complaint.

10       64.    Defendants deny that Plaintiff resided in California.  Defendants have no

11   information or belief as to the remaining allegations set forth in paragraph 64 of the Complaint

12   that would be sufficient to enable them to answer said allegations, and on that ground deny such

13   allegations.

14       65.    Defendants deny the allegations set forth in paragraph 65 of Plaintiff's Complaint.

15   **ANSWER TO THE SEVENTH CAUSE OF ACTION FOR**
**FRAUD & DECEIT – INTENTIONAL MISREPRESENTATION OF**
16   **FACT [Civ. Code § 1710(1)]**

17       66.    Defendants reallege and incorporate herein by reference their allegations,
18
     admissions, and denials stated in paragraphs 1 through 65, as set forth above, as to each and all of
19
     Plaintiff's allegations, with the same force and effect as though fully set forth herein.
20
         67.    Defendants deny the allegations set forth in paragraph 67 of the Complaint.
21
         68.    Defendants deny the allegations set forth in paragraph 68 of the Complaint.
22
         69.    Defendants deny the allegations set forth in paragraph 69 of the Complaint.
23
         70.    Defendants deny Plaintiff's allegation that he fulfilled all the duties of any alleged
24
     employment contract in a satisfactory manner.  Defendants deny the existence of any employment
25
     agreement with Plaintiff and allege that he was always employed at-will.  Defendants have no
26
     information or belief as to the allegation that Plaintiff leased property 3,000 miles away from his
27
     residence, and on that ground deny said allegations.  Defendants deny the remainder of the
28

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

8

ANSWER ** Case No. CV 08-1550 BZ

1  allegations in paragraph 70 of the Complaint.

2      71.    Defendants admit that Plaintiff was employed by Defendant Epitomics for about

3  seventeen months to work for the benefit of the company.  Defendants deny, however, the

4  remainder of the allegations set forth in paragraph 71 of the Complaint.

5      72.    Defendants deny the allegations set forth in paragraph 72 of the Complaint.

**ANSWER TO THE EIGHTH CAUSE OF ACTION FOR**
**FRAUD & DECEIT – NEGLIGENT MISREPRESENTATION OF**
**FACT [Civ. Code § 1710(2)]**

8

9      73.    Defendants reallege and incorporate by reference herein their allegations,

admissions, and denials stated in paragraphs 1 through 72, as set forth above, and on that basis

10 deny each and every allegation contained in paragraph 73 of the Complaint.

11     74.    Defendants deny the allegations set forth in paragraph 74 of the Complaint.

12     75.    Defendants deny the allegations set forth in paragraph 75 of the Complaint.

13     76.    Defendants deny the allegations set forth in paragraph 76 of the Complaint.

14
**NINTH CAUSE OF ACTION**
15 **FRAUD & DECEIT – PROMISE MADE WITHOUT INTENTION TO**
**PERFORM [Civ. Code § 1710(4)]**
16

17     77.    Defendants reallege and incorporate by reference herein their allegations,

18 admissions, and denials stated in paragraphs 1 through 76, as set forth above, as to each and all of

19 Plaintiff's allegations, with the same force and effect as though fully set forth herein.

20     78.    Defendants admit that on or about June 2006, Defendant Epitomics informed

21 Plaintiff of his potential eligibility for a discretionary bonus based on his individual and the

22 company's performance and that he would be offered the chance to purchase stock options upon

23 the satisfaction of certain conditions.  Defendants deny the remaining allegations in Paragraph 78.

24     79.    Defendants deny the allegations set forth in paragraph 79 of the Complaint.

25     80.    Defendants deny the allegations set forth in paragraph 80 of the Complaint.

26     81.    Defendants have no knowledge or information sufficient to form a belief as to the

27 truth of the allegation that Plaintiff leased a property 3,000 miles away from his family and

28 primary residence, and would have allegedly accepted other offers of employment, and on that

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

9

ANSWER ** Case No.  CV 08-1550 BZ

1  basis Defendants deny such allegations. Defendants deny the remaining allegations set forth in

2  paragraph 81 of the Complaint.

3      82.    Defendants admit the allegation that Defendant Epitomics terminated Plaintiff's

4  employment effective November 15, 2007. Defendants deny the remaining allegations contained

5  in paragraph 82 of the Complaint.

6      83.    Defendants deny the allegations set forth in paragraph 83 of the Complaint.

7  ### ANSWER TO THE TENTH CAUSE OF ACTION FOR
   ### FAILURE TO PAY COMMISSIONS

8

9      84.    Defendants reallege and incorporate by reference herein their allegations,

10  admissions, and denials stated in paragraphs 1 through 83, as set forth above, as to each and all of

11  Plaintiff's allegations, with the same force and effect as though fully set forth herein.

12      85.    Defendants deny the allegations set forth in paragraph 85 of the Complaint that

13  Plaintiff had earned and was due commissions in the amount of $109,176.37. Defendants admit,

14  however, that they refuse to pay according to Plaintiff's demands on or about November 2007.

15      86.    Defendants deny the allegation from paragraph 86 of the Complaint that the total

16  sum due under any alleged employment contract with Plaintiff amounts to $109,176.37.

17      87.    In response to paragraph 87 of the Complaint, Defendants admit that Plaintiff

18  requests that the court award him reasonable attorneys' fees and costs pursuant to Labor Code

19  § 218.5.

20      88.    In response to paragraph 88 of the Complaint, Defendants admit that Plaintiff

21  requests that the court award him interest on all allegedly due and unpaid wages, at the legal rate

22  specified by Civil Code § 3289(b), accruing from the date the alleged wages were due and

23  payable pursuant to Labor Code § 218.6. Defendants deny the allegation that Plaintiff is due any

24  wages.

   ### ANSWER TO THE ELEVENTH CAUSE OF ACTION FOR
   ### FAILURE TO PAY WAGES

25      89.    Defendants reallege and incorporate herein by reference their allegations,

26  admissions, and denials stated in paragraphs 1 through 88, as set forth above, as to each and all of

27  Plaintiff's allegations, with the same force and effect as though fully set forth herein.

28

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

10

ANSWER ** Case No. CV 08-1550 BZ

1    90.    In response to paragraph 90 of the Complaint, Defendants admit the allegation that

2    Defendant Epitomics terminated Plaintiff's employment, effective November 15, 2007.

3    Defendants deny, however, the remaining allegations set forth in paragraph 90 of the Complaint.

4    91.    Defendants deny the allegations set forth in paragraph 91 of the Complaint.

5    92.    In response to paragraph 92 of the Complaint, Defendants admit that Plaintiff

6    requests reasonable attorney's fees and costs pursuant to Labor Code § 218.5.  Defendants deny

7    that Plaintiff is entitled to such fees and costs.

8    93.    In response to paragraph 93 of the Complaint, Defendants admit that Plaintiff

9    requests interest on allegedly due and unpaid wages pursuant to Civil Code § 3289(b) and Labor

10   Code § 218.6.  Defendants deny, however, the allegation that they owe any unpaid and due wages

11   to Plaintiff.

12

## AFFIRMATIVE DEFENSES

13

14   94.    By alleging the matters set forth below under the heading "Affirmative Defenses,"

     Defendants do not allege or admit that they have the burden of proof with respect to any of these

15   matters.  As separate and affirmative defenses as to each and every allegation by Plaintiff in the

16   Complaint, Defendants allege the following affirmative defenses:

17

## FIRST AFFIRMATIVE DEFENSE

18

19   95.    The complaint fails to set forth facts sufficient to constitute a cause of action

     against either Defendant Epitomics or Defendant Dr. Yu upon which relief may be granted under

20   California law.

21

## SECOND AFFIRMATIVE DEFENSE
### (After-acquired Evidence)

22

23   96.    Defendants are informed and believe, and thereon allege, that the Complaint and

     each purported cause of action alleged therein, is barred by the doctrine of after-acquired

24   evidence, or the doctrine of after-acquired evidence limits and reduces Plaintiff's alleged

25   damages.

26

## THIRD AFFIRMATIVE DEFENSE
### (Workers' Compensation Act)

27

28   97.    Plaintiff's purported claims for emotional distress damages are barred because the

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

11

1    exclusive remedy for Plaintiff's alleged emotional distress and other injuries, if any, lies before

2    the California Workers' Compensation Appeals Board pursuant to the exclusive remedy

3    provisions of the California Workers' Compensation Act (Cal. Labor Code § 3600, *et seq.*).

**FOURTH AFFIRMATIVE DEFENSE**
**(Estoppel)**

98.    Plaintiff's Complaint, and each purported cause of action alleged therein, is barred in whole or in part because Plaintiff is estopped by his own conduct to claim any right to damages or any relief against Defendants.

**FIFTH AFFIRMATIVE DEFENSE**
**(Unclean Hands)**

99.    Plaintiff comes to this Court with unclean hands, and is therefore barred from recovery under this Complaint or any cause of action therein.

**SIXTH AFFIRMATIVE DEFENSE**
**(Waiver)**

100.    Plaintiff's Complaint, and each cause of action alleged therein, is barred in whole or in part by the doctrine of waiver.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Consent)**

101.    Defendants allege that Plaintiff expressly or implicitly consented to the alleged conduct of Defendants and is therefore precluded from recovering any damages.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Labor Code § 2922)**

102.    Each of Plaintiff's causes of action is barred by Cal. Labor Code § 2922, in that Plaintiff's employment with Defendant Epitomics was for no specific term and could be terminated at the will of either party with or without cause or advance notice.

**NINTH AFFIRMATIVE DEFENSE**
**(Privilege)**

103.    Each of Plaintiff's claims is barred because the actions taken by Defendants, or their employees or agents, if any, were justified and/or privileged, and consistent with all applicable obligations and duties of Defendants.

///

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

ANSWER ** Case No. CV 08-1550 BZ

## TENTH AFFIRMATIVE DEFENSE
### (Business Judgment)

104.    Each of Plaintiff's claims is barred because any conduct complained of against Defendants was a just and proper exercise of business judgment undertaken for a fair and honest reason regulated by good faith, not malice, under the circumstances then existing.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Punitive Damages)

105.    Each of Plaintiff's claims fails to state facts sufficient to constitute a cause of action against Defendants that would support an award of punitive damages.

## TWELVETH AFFIRMATIVE DEFENSE
### (Punitive Damage Claims Unconstitutional)

106.    Plaintiff's claims for punitive damages are barred because claims for punitive damages violate the due process clauses of the California Constitution and the Constitution of the United States of America.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Excuse Due to Plaintiff's Prior Breach)

107.    Defendants allege that, to the extent any agreement existed between the parties, Plaintiff was himself in material breach of the agreement, and that any performance required thereunder by Defendants is therefore excused.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Excuse Due to Plaintiff's Failure to Perform)

108.    Defendants allege that, to the extent any agreement exists between the parties, performance on their part was prevented, in whole or in part, by Plaintiff's failure to perform, and that any failure of performance by Defendants is therefore excused.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Uncertainty)

109.    Plaintiff's claims for breach of contract and breach of implied covenant of good faith are barred for lack of certainty and definiteness of language or words used in expressing the terms of any alleged contract, and in showing a meeting of the minds of the parties as to such terms.

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

13

ANSWER ** Case No. CV 08-1550 BZ

1
2

**SIXTEENTH AFFIRMATIVE DEFENSE**
**(Failure to Exhaust Administrative Remedies)**

110.    The causes of action in the Complaint are barred because Plaintiff failed to timely

3

exhaust the available and requisite administrative remedies before the Department of Fair

4

Employment and Housing and/or Equal Employment Opportunity Commission, and the Labor

5

and Workforce Development Agency.

6

**SEVENTEENTH AFFIRMATIVE DEFENSE**
**(Labor Code § 203)**

7

8

111.    Penalties under Labor Code § 203 are not warranted as any failure to pay the

9

monies demanded by Plaintiff was based on a good faith dispute over whether wages were owing

10

to Plaintiff and was therefore not willful.

11

**EIGHTEENTH AFFIRMATIVE DEFENSE**
**(Arbitration)**

12

13

112.    The claims alleged in the Complaint are subject to a separate agreement between

14

the parties to arbitrate.

15

**NINETEENTH AFFIRMATIVE DEFENSE**
**(Bus. & Prof. Code § 17200 and Multiple Recovery)**

16

113.    Plaintiff's purported cause of action for violation of Business and Professions

17

Code § 17200 is barred because the statute violates Defendant's due process rights by posing a

18

threat of multiple recovery against Defendants.

19

**TWENTIETH AFFIRMATIVE DEFENSE**
**(Civil Code §§1473 and 1485)**

20

21

114.    Prior to the commencement of this action, Defendants performed, satisfied, were

22

excused from, and discharged all duties and obligations arising out of any and all agreements,

23

representations, or contracts, if any, made by them or on their behalf, and Plaintiff's claims are

24

therefore barred by the provisions of Civil Code §§ 1473 and 1485.

25

**TWENTY-FIRST AFFIRMATIVE DEFENSE**
**(Additional Defenses)**

26

115.    Defendants presently have insufficient knowledge on which to form a belief as to

27

whether Defendants may have additional, as yet unstated, affirmative defenses available.

28

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

14

ANSWER ** Case No. CV 08-1550 BZ

1    Defendants hereby reserve their right to assert additional affirmative defenses in the event that

2    further investigation and discovery indicate that such defenses would be appropriate.

3

4           WHEREFORE, Defendants pray for judgment as follows:

5           1.     That Plaintiff take nothing by reason of this Complaint and that judgment be

6    rendered for Defendants;

7           2.     For costs of suit and attorney's fees; and

8           3.     For such other and further relief as the Court deems just and proper.

9    Dated: March 25, 2008                          LONG & LEVIT LLP

10

11                                        By

12                                              JASON A. GELLER
                                                JOHN S. HONG
13                                              Attorneys for Defendants
                                                EPITOMICS, INC. and
14                                              DR. GUO-LIANG YU

15    CV 08-1550 BZ
      DOCS\S0256-065\546717.V2

16

17

18

19

20

21

22

23

24

25

26

27

28

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

ANSWER ** Case No. CV 08-1550 BZ